COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

ALBERTUS BAKER

v.   Record No. 1098-97-4

WASHINGTON METRO AREA
 TRANSIT AUTHORITY

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 23, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Bruce M. Bender; Daniel Lynch; Van Grack,
Axelson & Williamowsky; Williams & Lynch, on
brief), for appellant.

(Robert C. Baker, Jr.; Mell, Brownell &
Baker, on brief), for appellee.


Albertus Baker (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he (1)

was partially disabled rather than totally disabled beginning

June 25, 1996; and (2) failed to prove that he made a good faith

effort to market his residual work capacity after June 25, 1996.

 Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proving total disability beginning June 25, 1996, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove total disability, the commission found as follows:

> [T]he claimant is not totally disabled, but he is able to return to light duty work that does not involve manual labor, Dr. [Arun Ram] Ginde's opinion notwithstanding. While Dr. Ginde concluded that the claimant was totally disabled, the April 1995 MRI studies and Dr. [Laura] Isensee's EMG studies on August 9, 1996 do not support that conclusion. While the claimant has subjective complaints of pain that we accept as real, we cannot find that they are totally disabling. Dr. Isensee restricted the claimant from work as a bus driver and from manual labor, but did not report that the claimant was totally disabled. Dr. [Edward R.] Lang's findings essentially corroborate Dr. Isensee's conclusion, from which we find a significant disability related to the work accident, but a residual work capacity nonetheless.

The commission's findings are supported by the medical evidence, which "is not necessarily conclusive, but is subject to

the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon the medical records, the results of diagnostic testing, and the opinions of Drs. Isensee and Lang, which established that claimant was not prevented from performing all types of gainful employment, we cannot say as a matter of law that claimant's evidence sustained his burden of proving total disability. At best, claimant proved partial disability.

## II.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Bateman, 4 Va. App. at 464, 359 S.E.2d at 101.

Claimant argues that the commission erred in requiring him to look for work consistent with his residual capacity when he relied upon Dr. Ginde's opinion that he was totally disabled. However, contrary to claimant's contentions in his brief, he testified that Dr. Isensee told him he could perform some type of work with specific restrictions. Yet, he failed to demonstrate any meaningful attempt to market his residual work capacity after June 25, 1996.[1] The only action he took was to look for jobs in the newspaper and to register with the Maryland Employment

---

[1]Claimant stopped working on June 25, 1996. He did not seek medical treatment until August 9, 1996.

Commission.  He did not complete any job applications or apply for any jobs.

Based upon this record, we cannot say as a matter of law that claimant's evidence proved he made a good faith effort to procure suitable work after June 25, 1996.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>